

FILED

FI JUL 25 PM 4: 22

Plaintiff *Pro Se*

1  WILLIAM E. BRACKER, SR.
2  2440 Deerpark Drive
   San Diego, CA 92110
3  (619) 276-5400

4  Plaintiff *Pro Se*

5

6

7

8                    UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11CV 1634 LAB JMA

11  WILLIAM E. BRACKER, SR.,            )  Case No.
12  an individual,                       )
                                         )
13          Plaintiff,                   )  **COMPLAINT FOR DAMAGES FOR**
                                         )  **(1) WRONGFUL TERMINATION; (2) AGE**
       v.                                )  **DISCRIMINATION IN EMPLOYMENT;**
14                                       )  **(3) VIOLATION OF THE AMERICANS**
15  FULLER LABORATORIES, INC.,           )  **WITH DISABILITIES ACT; (4) BREACH**
    a Michigan corporation; CHARLES LEWIS, )  **OF CONTRACT; (5) BREACH OF THE**
    an individual; CHARLES LEWIS in his   )  **IMPLIED COVENANT OF GOOD FAITH**
16  capacity as President of FULLER       )  **AND FAIR DEALING; (6) FAILURE TO**
    LABORATORIES, INC.; DAVID H. LEWIS    )  **PAY WAGES; (7) RETALIATION; AND**
17  III, an individual; DAVID H. LEWIS in his )  **(8) HARASSMENT**
18  capacity as Secretary and Treasurer of )
    FULLER LABORATORIES, INC.; DIANA      )
19  LEWIS-MAYFIELD, an individual; DIANA  )  **JURY TRIAL DEMANDED**
    LEWIS-MAYFIELD in her capacity as Vice )
20  President of FULLER LABORATORIES,     )
21  INC.; CHRIS LEWIS, an individual; CHRIS )
    LEWIS in his capacity as a Director of )
22  FULLER LABORATORIES, INC.;           )
    ROBERT H. LEWIS II, an individual;    )
23  ROBERT H. LEWIS II in his capacity as a )
24  Director of FULLER LABORATORIES, Inc.; )
    and DOES 1 through 50, inclusive,     )
25          Defendants.                   )
                                          )
26

27

28

---

**COMPLAINT FOR DAMAGES**

**JURISDICTION AND VENUE**

1.     This action arises under the Age Discrimination in Employment Act of 1967, 29 U.S.C. Sections 621 *et seq.* (hereinafter "ADEA") and the Americans With Disabilities Act of 1990, 42 U.S.C. Sections 12112 *et seq. (*hereinafter "ADA").

2.     Jurisdiction is specifically conferred upon this Court pursuant to 28 U.S.C. Section 1332.

3.     Plaintiff resides within the jurisdiction of this Court.  At the times the wrongful acts and omissions as alleged herein were committed by Defendants, and each of them, Defendant FULLER LABORATORIES, INC. was a Michigan corporation actively conducting business within the jurisdiction of this Court, and Plaintiff was employed as President of Defendant FULLER LABORATORIES, INC. performing work on behalf of Defendant FULLER LABORATORIES, INC. within the jurisdiction of this Court.

**PARTIES**

4.     At all times mentioned herein, Plaintiff WILLIAM E. BRACKER, SR. was and currently is a resident of the City and County of San Diego, State of California, the former President of FULLER and a senior citizen.  Plaintiff is a Shareholder of FULLER with ownership of 2,000 shares of FULLER common stock.

5.     At all times mentioned herein, Defendant FULLER LABORATORIES, INC. (hereinafter "FULLER") was and currently is a Michigan corporation incorporated under the laws of the State of Michigan in 1940.  Pursuant to an Amendment to the Articles of Incorporation of FULLER dated February 10, 1970, the corporation was to have perpetual existence.  There are currently 6,480 outstanding shares of common stock in FULLER.

6.     Plaintiff is informed, believes and thereon alleges that, at all times mentioned herein, Defendant CHARLES LEWIS, an individual, and Defendant CHARLES LEWIS in his capacity as President of FULLER resided and continues to reside both in the City of Point Townsend, State of Washington and the City of Scottsdale, State of Arizona.  CHARLES LEWIS is a Shareholder of FULLER with ownership of 1,000 shares of FULLER common stock.

2

COMPLAINT FOR DAMAGES                                    Case No.

7.    At all times mentioned herein, Plaintiff is informed, believes and thereon alleges that Defendant DAVID H. LEWIS III, an individual, and Defendant DAVID H. LEWIS III in his capacity as Secretary and Treasurer of FULLER has a residence in the City and County of San Diego, State of California, and also resides in the country of Mexico and elsewhere from time-to-time.  DAVID H. LEWIS III is a Shareholder of FULLER with ownership of 1,000 shares of FULLER common stock.

8.    Plaintiff is informed, believes and thereon alleges that, at all times mentioned herein, Defendant DIANA LEWIS-MAYFIELD, an individual, and Defendant DIANA LEWIS-MAYFIELD in her capacity as Vice President of FULLER resided and continues to reside in the City of Cleveland, State of Tennessee.  DIANA LEWIS-MAYFIELD is a Shareholder of FULLER with ownership of 2,000 shares of FULLER common stock.

9.    Plaintiff is informed, believes and thereon alleges that Defendant CHRIS LEWIS, an individual, and Defendant CHRIS LEWIS in his capacity as a Director of FULLER resided and continues to reside in the City of Vancouver, State of Washington.

10.    Plaintiff is unaware of the city or state in which Defendant ROBERT H. LEWIS II, an individual, and Defendant ROBERT H. LEWIS II in his capacity as a Director of FULLER resided during the times mentioned herein, nor is Plaintiff aware of his current city and state of residence.

11.    The true names and capacities, whether individual, corporate, associate or otherwise of Defendants sued herein as DOES 1 through 50, inclusive, are unknown to Plaintiff at this time. Plaintiff is informed, believes and thereon alleges that each such fictitiously-named Defendant is in some manner legally responsible for the events and occurrences alleged herein and, as such, is liable to Plaintiff for the damages he sustained as a result thereof.  Plaintiff seeks leave of this Court to amend this Complaint to insert the true names and capacities of said fictitiously-named Defendants once the same have been ascertained.

12.    Plaintiff is informed, believes and thereon alleges that, at all during the acts and occurrences alleged herein, each of the Defendants was the agent and/or employee of each of the other co-defendants and, in doing the things herein alleged, each was acting within the course and scope of such agency and employment.

---

3

COMPLAINT FOR DAMAGES                                    Case No.

**ADMINISTRATIVE REMEDIES**

13. Plaintiff filed a Claim of Discrimination against Defendants to the Equal Employment Opportunity Commission (hereinafter "EEOC") on or about March 7, 2011.

14. On or about April 11, 2011, Plaintiff's Charge of Discrimination was filed by the EEOC.

15. On or about April 22, 2011, the EEOC issued a Dismissal and Notice of Rights – Notice of Suit Rights.

16. Plaintiff received by mail the EEOC Dismissal and Notice of Rights – Notice of Suit Rights on or about April 25, 2011.

**BACKGROUND AND GENERAL ALLEGATIONS**

17. FULLER is a "family business" formerly owned by the family of Plaintiff's late wife, Enid Lewis Bracker. Enid Bracker's father, David Lewis I, hired Plaintiff as President of FULLER approximately 40 years ago.

18. When Plaintiff was hired as President of Fuller, he earned $25 per hour. Through the succeeding 40+ years of his employment with FULLER, Plaintiff's hourly rate gradually increased and was $60 per hour at the time of his termination in June 2010.

19. The primary asset of FULLER is a pharmaceutical drug named Protomide.

20. Protomide is manufactured and distributed outside the United States pursuant to a license agreement between FULLER and Cooper Development, a California corporation (hereinafter "Cooper") since in or around the early 1970s. Pursuant to the license agreement, Cooper is required to pay FULLER royalties based upon its sales and distribution of Protomide.

21. FULLER's annual income from the royalties received from Cooper is approximately $45,000 to $60,000.

22. During the entire term of his employment with FULLER, Plaintiff competently, efficiently and in good faith performed all of his duties as President of the corporation. In addition to managing the day-to-day affairs of the corporation, Plaintiff's primary responsibility was to carefully monitor and manage FULLER's financial matters to ensure the corporation's continued viability and to protect and maximize its earnings for the shareholders.

4

23. In or around 1993, Plaintiff discovered that Cooper had been both underreporting and improperly withholding the amount of royalties due and payable to FULLER pursuant to the license agreement between the parties.

24. In 1994, with a majority approval of the FULLER Board of Directors, Plaintiff initiated legal action against Cooper on behalf of FULLER to recover the underreported and improperly withheld royalties due to FULLER. FULLER prevailed in the action recovering from Cooper both its unpaid royalties and its costs of suit.

25. Thereafter, Cooper continued its practice of underreporting and improperly withholding royalties due to FULLER. With a majority approval of the FULLER Board of Directors, Plaintiff initiated litigation against Cooper on behalf of FULLER in 1997 and 2004, and FULLER again prevailed recovering its unpaid royalties and costs of suit in both cases.

26. The total amount recovered by FULLER from all three lawsuits against Cooper was in excess of approximately $1,000,000.

27. In 2009, it became apparent to Plaintiff that Cooper was again underreporting and improperly withholding royalties due to FULLER. With a majority approval of the FULLER Board of Directors in September 2009, Plaintiff retained counsel to initiate action on behalf of FULLER to recover underreported and improperly withheld royalties due to FULLER.

28. In early 2010, tired of the 16-year battle to receive accurate reporting and timely payment of royalties from Cooper, the FULLER Board of Directors began exploring the possibility of buying back FULLER's license agreement with Cooper set to expire in 2013, and pursue other options and/or licensees to the manufacture and distribution of Protomide.

29. Because FULLER's cash flow was limited due to Cooper's withholding royalty its payments, the corporation did not have sufficient cash to buy back the license agreement. To assist FULLER in buying back the license agreement, Plaintiff offered to loan FULLER $100,000 as a down payment for the buy-back deal, with another $100,000 to be paid to Cooper from the royalties owed to FULLER. Dr. Bracker proposed that the loan be secured with 4,000 shares of FULLER stock until it was repaid in full.

5

**COMPLAINT FOR DAMAGES**                                         **Case No.**

30.    Ultimately, the FULLER Board of Directors declined to accept Plaintiff's loan due to the refusal by Defendant DAVID H. LEWIS III on June 22, 2010 to secure the loan from Plaintiff with FULLER stock.  Due to Defendant DAVID H. LEWIS III's refusal to secure Plaintiff's proposed loan with 4,000 shares of FULLER stock, Plaintiff withdrew his $100,000 loan offer.

31.    Plaintiff is informed, believes and thereon alleges that, on or shortly after June 22, 2010, Defendant DAVID H. LEWIS III launched a strategic, malicious campaign to get rid of Plaintiff and take control of the corporation.

32.    Plaintiff is informed, believes and thereon alleges that, between June 22, 2010 to June 25, 2010, without the knowledge and approval of the FULLER Board of Directors, Defendant DAVID H. LEWIS III personally visited the offices of Fidelity Investments and froze the FULLER corporate checking account, thereby cutting off Plaintiff's access to the FULLER checking account.

33.    As a direct and proximate result of Defendant DAVID H. LEWIS III freezing of the FULLER checking account, a $5,000 check which Plaintiff had written to counsel representing FULLER in the Cooper matter was returned unpaid and rendered Plaintiff unable to cash his check in the amount of $8,970 dated June 24, 2010 representing payment for his work as President of FULLER during the second quarter of 2010.

34.    Plaintiff is informed, believes and thereon alleges that, during the period June 22, 2010 to June 29, 2010, Defendant DAVID H. LEWIS III knowingly and willfully made misrepresentations to FULLER's Board of Directors and Shareholders concerning the condition of Plaintiff's health. Specifically, Defendant DAVID H. LEWIS III told the FULLER Board of Directors that Plaintiff suffered from senile dementia and, as such, they should vote to terminate his employment.

35.    Plaintiff has never suffered from nor has he ever been medically diagnosed to suffer from senile dementia.

36.    On or about June 24, 2010, Plaintiff spoke with Betsy Lewis, the wife of DAVID H. LEWIS III and an attorney practicing in San Diego, who confirmed that Defendant DAVID H. LEWIS III was in the process of working to obtain a majority vote of shareholders to have Plaintiff removed as an officer and director of FULLER.

6

37.     Shortly after speaking with Betsy Lewis, Plaintiff telephoned Defendant CHARLES R. LEWIS who confirmed that Defendant DAVID H. LEWIS III had advised him that Plaintiff suffered from senile dementia and encouraged him to vote to terminate his employment as FULLER's President.

38.     On or about June 25, 2010, Defendant DAVID H. LEWIS III e-mailed Plaintiff confirming his knowledge of Plaintiff's conversations with Betsy Lewis and Defendant CHARLES R. LEWIS on June 24, 2010, and the strategy to remove Plaintiff as President of FULLER.  Defendant DAVID H. LEWIS III advised Plaintiff that it was his understanding that Plaintiff had advised Defendant CHARLES R. LEWIS that he would resign.  He further advised Plaintiff that, if Plaintiff would execute a resignation, he would "cease [his] efforts as Corporate Secretary pursue the calling of a Special Meeting" to terminate Plaintiff's employment by a vote of the FULLER Shareholders.

39.     On or about June 26, 2010, Plaintiff responded to Defendant DAVID H. LEWIS III's June 25, 2010 e-mail advising him that he felt "it would be better for all you nice people to get rid of me as President and member of the Board of Directors in such a manner as to retain our relationship as family members."

40.     In response, Defendant DAVID H. LEWIS III thanked Plaintiff and again requested that he sign and return the resignation form.

41.     On or about June 26, 2010, Defendant DAVID H. LEWIS III noticed a Special Meeting of Shareholders for June 29, 2010 to for the purpose of taking a vote of the Shareholders to terminate Plaintiff's employment.

42.     On June 29, 2010 at approximately 6:20 p.m., the Special Meeting of the FULLER Shareholders was convened by telephone and, upon a motion by Defendant DAVID H. LEWIS III and seconded by Defendant DIANA LEWIS-MAYFIELD, Plaintiff's employment with FULLER was terminated by a majority vote of the FULLER Shareholders.

43.     Plaintiff is informed, believes and thereon alleges that, following the Special Meeting of Shareholders, a Special Meeting of the FULLER Board of Directors was held during which the Board voted to terminate Plaintiff's employment as President of FULLER.  The Board also made several other resolutions in connection with Plaintiff's termination including, in particular, a resolution

7

1    denying him access to FULLER's corporate financial accounts and removing him as a signer on all

2    accounts, notwithstanding the fact that Defendant DAVID H. LEWIS III had already precluded

3    Plaintiff from having access to FULLER's financial accounts ***by freezing them prior to the time of the***

4    ***resolution authorizing him to do so***.

5        44.    Following the Special Meeting of Shareholders, Plaintiff received a telephone call from

6    Defendant DIANA LEWIS-MAYFIELD who, in tears, apologized for having seconded the motion and

7    voting to terminate his employment with FULLER, and explaining to Plaintiff that she "had no choice"

8    but to do so because he suffered from "senile dementia."

9        45.    On June 30, 2010, Plaintiff resigned from the FULLER Board of Directors.

10       46.    Following his termination as President of FULLER, Plaintiff turned over all of the

11    FULLER corporate documents to Defendant DAVID H. LEWIS III.  Notwithstanding the fact that

12    Plaintiff had already tendered the FULLER documents to Defendant DAVID H. LEWIS III as

13    requested and instructed, Defendant has falsely alleged on many occasions and still continues to

14    knowingly, willfully and maliciously misrepresent to others – both verbally and in writing – that

15    Plaintiff has never turned over FULLER's corporate documents.

16       47.    Plaintiff's employment with FULLER was terminated for one reason, and one reason

17    only – Plaintiff's condition that his proposed $100,000 loan to FULLER be secured with 4,000 shares

18    of stock until the loan was repaid so angered Defendant DAVID H. LEWIS that he retaliated by having

19    Plaintiff terminated as President of FULLER for his own personal gain by taking control of the

20    company himself.

21       48.    Prior to and following Plaintiff's termination as President of FULLER on June 29,

22    2010, Defendant DAVID H. LEWIS III knowingly, willfully and maliciously misrepresented to others

23    – both verbally and in writing – that Plaintiff suffered from senile dementia.  Moreover, Defendant

24    DAVID H. LEWIS has even gone so far as to continue to demean and purposely further harass

25    Plaintiff by sending him copies of his e-mails and other correspondence to others wherein he makes

26    these and other malicious misrepresentations about Plaintiff.

27       49.    On August 20, 2010, Defendant DAVID H. LEWIS III took his harassment of Plaintiff

28    to an even higher level by filing a lawsuit against him in the State of Michigan Oakland County Circuit

8

COMPLAINT FOR DAMAGES                                                          Case No.

1  Court alleging breach fiduciary duty, common law and statutory conversion. On November 17, 2010,

2  the action against Plaintiff was dismissed with prejudice.

3  **FIRST CAUSE OF ACTION**

4  **WRONGFUL TERMINATION (Against All Defendants)**

5      50.    Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1

6  through 49, inclusive, as though fully set forth herein.

7      51.    As more fully set forth above, Plaintiff had been employed by FULLER for over 40

8  years and had faithfully and competently discharged his duties during his entire tenure as FULLER's

9  President.

10      52.    As a direct and proximate result of the willful and knowing misrepresentations made to

11  FULLER's Board of Directors and Shareholders and others by Defendant DAVID H. LEWIS III,

12  Defendants wrongfully terminated Plaintiff's employment as President of FULLER.

13      53.    As a direct and proximate result of Defendants' wrongful termination of Plaintiff,

14  Plaintiff has suffered and continues to suffer financial and other damages in an amount according to

15  proof but within the jurisdiction of this Court including but not limited to loss of income, lost value of

16  money, lost opportunity and other compensatory and special damages according to proof at the time of

17  trial.

18  **SECOND CAUSE OF ACTION**

19  **AGE DISCRIMINATION IN EMPLOYMENT (Against All Defendants)**

20      54.    Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1

21  through 53, inclusive, as though fully set forth herein.

22      55.    As a direct and proximate result of the willful and knowing misrepresentations made to

23  FULLER's Board of Directors and Shareholders and others by Defendant DAVID H. LEWIS III that

24  Plaintiff suffered from senile dementia – *a condition which only presents in the elderly* – Defendants

25  discriminated against Plaintiff because of his age by terminating his employment as President of

26  FULLER.

27      56.    Plaintiff receives regular medical check-ups and has never been diagnosed with or

28  suspected by his physicians to have senile dementia.

9

COMPLAINT FOR DAMAGES                                    Case No.

57.    As a direct and proximate result of Defendants' discrimination against Plaintiff because of his age, Plaintiff has suffered and continues to suffer financial and other damages in an amount according to proof but within the jurisdiction of this Court including but not limited to loss of income, lost value of money, lost opportunity and other compensatory and special damages according to proof at the time of trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF AMERICANS WITH DISABILITIES ACT (Against All Defendants)

58.    Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 57, inclusive, as though fully set forth herein.

59.    As a direct and proximate result of the willful and knowing misrepresentations made to FULLER's Board of Directors and Shareholders and others by Defendant DAVID H. LEWIS III that Plaintiff suffered from senile dementia – *a debilitating and potentially incapacitating condition which only presents in the elderly* – Defendants discriminated against Plaintiff because of his alleged disability by terminating his employment as President of FULLER.

60.    Given their regular interaction with Plaintiff over the course of many years, and particularly during the months preceding June 2010, Defendants reasonably should have known that Defendant DAVID H. LEWIS III's misrepresentations concerning Plaintiff's alleged disability were patently false.

61.    Moreover, Defendants had a legal obligation and a duty of reasonable care to evaluate Plaintiff's condition for themselves and to offer him reasonable accommodation for his alleged disability, but they failed to do so.

62.    As a direct and proximate result of Defendants' discrimination against Plaintiff because of his alleged disability, Plaintiff has suffered and continues to suffer financial and other damages in an amount according to proof but within the jurisdiction of this Court including but not limited to loss of income, lost value of money, lost opportunity and other compensatory and special damages according to proof at the time of trial.

COMPLAINT FOR DAMAGES                                           Case No.

## FOURTH CAUSE OF ACTION

## BREACH OF CONTRACT (Against All Defendants)

63.     Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 62, inclusive, as though fully set forth herein.

64.     As for fully set forth above, Plaintiff and Defendants were parties to an employment contract under which Plaintiff was employed as FULLER's President for over 40 years and in exchange for which Defendants compensated Plaintiff for his services.

65.     The employment contract between Plaintiff and Defendants carried with it implied promises by both of them to act in good faith toward one another.

66.     Defendants breached their employment contract with Plaintiff by summarily terminating his employment without cause based upon misrepresentations and false accusations.

67.     As a direct and proximate result of Defendants' breach of their employment contract with Plaintiff, Plaintiff has suffered and continues to suffer financial and other damages in an amount according to proof but within the jurisdiction of this Court including but not limited to loss of income, lost value of money, lost opportunity and other compensatory and special damages according to proof at the time of trial.

## FIFTH CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

## (Against All Defendants)

68.     Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 67, inclusive, as though fully set forth herein.

69.     As for fully set forth above, Plaintiff and Defendants were parties to an employment contract under which Plaintiff was employed as FULLER's President for over 40 years and in exchange for which Defendants compensated Plaintiff for his services.

70.     The employment contract between Plaintiff and Defendants carried with it an implied covenant by both of them to act in good faith toward and to deal fairly with one another.

11

71.    Defendants breached their duty to act in good faith toward and deal fairly with Plaintiff had a duty to deal fairly with Plaintiff by summarily terminating his employment without cause based upon misrepresentations and false accusations.

72.    As a direct and proximate result of Defendants' breach of their implied covenant of good faith and fair dealing with Plaintiff, Plaintiff has suffered and continues to suffer financial and other damages in an amount according to proof but within the jurisdiction of this Court including but not limited to loss of income, lost value of money, lost opportunity and other compensatory and special damages according to proof at the time of trial.

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY WAGES (Against All Defendants)

73.    Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 72, inclusive, as though fully set forth herein.

74.    As for fully set forth above, Plaintiff and Defendants were parties to an employment contract under which Plaintiff was employed as FULLER's President for over 40 years and in exchange for which Defendants compensated Plaintiff for his services.

75.    Defendants failed to compensate Plaintiff for his services rendered to FULLER during the second quarter of 2010.

76.    As a direct and proximate result of Defendants' failure to compensate Plaintiff for his services rendered to FULLER during the second quarter of 2010, Plaintiff has suffered and continues to suffer financial and other damages in an amount according to proof but within the jurisdiction of this Court including but not limited to loss of income, lost value of money, lost opportunity and other compensatory and special damages according to proof at the time of trial.

## SEVENTH CAUSE OF ACTION

### RETALIATION (Against Defendant DAVID H. LEWIS III, an individual and DAVID H. LEWIS as Secretary and Treasurer of FULLER)

77.    Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 76, inclusive, as though fully set forth herein.

12

COMPLAINT FOR DAMAGES                                          Case No.

78. As more fully set forth above, Defendant DAVID H. LEWIS III willfully and knowingly retaliated against Plaintiff by having him terminated as President of FULLER for his own personal gain by taking control of the company himself.

79. As a direct and proximate result of the wanton and malicious acts by Defendants DAVID H. LEWIS III, Plaintiff has suffered and continues to suffer financial and other damages in an amount according to proof but within the jurisdiction of this Court including but not limited to loss of income, lost value of money, lost opportunity and other compensatory and special damages according to proof at the time of trial.

### EIGHTH CAUSE OF ACTION

### HARASSMENT (Against Defendant DAVID H. LEWIS III, an individual and DAVID H. LEWIS as Secretary and Treasurer of FULLER)

80. Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 76, inclusive, as though fully set forth herein.

81. As more fully set forth above, Defendant DAVID H. LEWIS III willfully and knowingly made misrepresentations about and false accusations against Plaintiff to purposely and maliciously harass and demean him.

82. As a direct and proximate result of the wanton and malicious acts by Defendants DAVID H. LEWIS III, Plaintiff has suffered and continues to suffer financial and other damages in an amount according to proof but within the jurisdiction of this Court including but not limited to loss of income, lost value of money, lost opportunity and other compensatory and special damages according to proof at the time of trial.

**WHEREFORE,** Plaintiff prays for judgment against Defendants and each of them as follows:

1. For general and special damages in an amount exceeding the jurisdiction of this Court according to proof at the time of trial;

2. For pre-judgment interest on back wages owed by Defendants to Plaintiff;

3. For attorneys' fees and costs of suit herein incurred pursuant to applicable federal law;

///

///

13

**COMPLAINT FOR DAMAGES**                                          **Case No.**

4.    For punitive damages as alleged herein;

5.    For such other and further relief as this Court may deem just and proper.

DATED:  July 25, 2011

WILLIAM E. BRACKER, SR.
Plaintiff *Pro Se*

**COMPLAINT FOR DAMAGES**                                          **Case No.**

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

WILLIAM E. BRACKER, SR., an individual

## DEFENDANTS

FULLER LABORATORIES, INC., et al.

14 JUL 25 PM

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**11CV 1634 LAB JMA**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
WILLIAM E. BRACKER, SR., Plaintiff Pro Se, (619) 276-5400,
2440 Deerpark Drive, San Diego, CA 92110

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sections 12112, et seq.; 29 U.S.C. Sections 621 et seq.
Brief description of cause:
Termination of employment -- age discrimination and disability discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 5,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
07/25/2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 28692   AMOUNT $350   APPLYING IFP 1/2 7/26/11   JUDGE _____   MAG. JUDGE _____

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS028682
Cashier ID: kdelabar
Transaction Date: 07/25/2011
Payer Name: ZOE COMMUNICATIONS
-----------------------------------
CIVIL FILING FEE
 For: BRACKER V. FULLER LABS, INC
 Case/Party: D-CAS-3-11-CV-001634-001
 Amount:        $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 1056
 Amt Tendered:  $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```